UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

HANCOCK OUTDOOR TRADING
COMPANY LLC,

      Plaintiff,

v.                              Case No.:  2:20-cv-68-FtM-38NPM

INTUIT INC.,

      Defendant.

_____/

**ORDER**[1]

Before the Court is Plaintiff Hancock Outdoor Trading Company LLC's Complaint & Demand for Jury Trial.  (Doc. 1).  Plaintiff sues Defendant Intuit Inc. for negligent misrepresentation, negligence, and declaratory relief.  And it cites diversity jurisdiction as the basis for this Court's subject matter jurisdiction.

Because federal courts have limited jurisdiction, they are "obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999).  In an action filed directly in federal court, the plaintiff must plead and prove jurisdiction.  *See King v. Cessna Aircraft Co.*, 505 F.3d 1160, 1170 (11th Cir. 2007).  Diversity jurisdiction is one type of subject matter jurisdiction.  And federal courts have diversity jurisdiction over a matter if the amount in controversy exceeds $75,000, exclusive of interests and costs, and there is complete

---

[1] Disclaimer:  Documents hyperlinked to CM/ECF are subject to PACER fees.  By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them.  The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

diversity of citizenship among the parties. *See* 28 U.S.C. § 1332(a). Here, the citizenship prong is deficient.

A limited liability company, like Plaintiff, "is a citizen of any state of which a member of the company is a citizenship." *Rolling Greens MHP, L.P. v. Comcast SCH Holdings LLC*, 374 F.3d 1020, 1022 (11th Cir. 2004). Each member of the limited liability company must be diverse from the opposing party. *See Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005). And individuals are citizens where they are domiciled, not necessarily where they are residents. *See McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002). So to determine the citizenship of a limited liability company, the court must consider the citizenship of each of its members. *Rolling Greens*, 374 F.3d at 1022.

The Complaint makes a sweeping allegation on Plaintiff's citizenship: "All of Plaintiff's members are and, at all relevant times, were citizens and residents of Florida." (Doc. 1 at 1). Plaintiff identifies none of its members and their respective domiciles. Without such allegations, the Court cannot determine Plaintiff's citizenship and has no subject matter jurisdiction over this action.

Accordingly, it is now

**ORDERED:**

(1) The Complaint (Doc. 1) is **DISMISSED without prejudice**.

(2) Plaintiff Hancock Outdoor Trading Company LLC may file an amended complaint on or before **February 18, 2020**. **Failure to do so will cause the Court to close this case without further notice.**

**DONE** and **ORDERED** in Fort Myers, Florida this 3rd day of February 2020.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record